IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PHELIX HICKS, JR., # 00593690,    )
    )
    Plaintiff,    )
    )
v.    )    No. 3:24-cv-01195
    )
RUTHERFORD COUNTY POLICE    )    JUDGE CAMPBELL
DEPARTMENT, *et al.*,    )
    )
    Defendants.    )

## MEMORANDUM OPINION AND ORDER

Plaintiff Phelix Hicks, who is in custody of the Rutherford County Sheriff's Office in Murfreesboro, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). For the reasons below, this action will be dismissed.

## I.    LEGAL STANDARD

The court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Review of the Complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,'" such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470−71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

1

alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

## II.     ALLEGATIONS AND CLAIMS

In the Complaint,[1] Plaintiff alleges that his bank funds and other assets were seized during an investigation of Plaintiff's activities while incarcerated, including alleged money laundering and attempts to acquire the controlled substance Suboxone. (Doc. No. 1 at 11−16). Plaintiff asserts that no probable cause existed for the seizure. (*Id.* at 15−16).

Plaintiff asserts that Defendants' actions constitute unreasonable seizure in violation of the Fourth Amendment, deprivation of property without due process in violation of the Fifth and Fourteenth Amendments, and an excessive penalty in violation of the Eighth Amendment. (*Id.* at 18).

## III.     ANALYSIS

The Complaint asserts claims based on the Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment. As explained below, the claims are all subject to dismissal, though for different reasons. The Fourth Amendment claims are untimely. The Eighth Amendment, Fifth Amendment, and Fourteenth Amendment claims fail to state a claim upon which relief may be granted.

### A.     Fourth Amendment

Tennessee's one-year statute of limitations applies to Plaintiff's Section 1983 claims. *See Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005); *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(1). And federal law federal law determines

---

[1] After filing the Complaint, Plaintiff submitted a number of other documents summarizing or expounding on his legal claims. (*See* Doc. Nos. 5, 7, 10, 11). None of these filings satisfies the requirements for a complaint under the Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a). Regardless, the Court has reviewed these filings and finds that the facts alleged therein would not affect the Court's analysis.

2

"[t]he date on which the statute of limitations begins to run." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634−35 (6th Cir. 2007). A claim of unlawful search and seizure under the Fourth Amendment accrues at the time of the alleged search and seizure. *See Harper v. Jackson*, 293 Fed. Appx. 389, 392 n.1 (6th Cir. 2008); *Michel v. City of Akron*, 278 Fed. Appx. 477, 480 (6th Cir. 2008).

Here, Plaintiff alleges that his funds were seized on September 20, 2023. (Doc. No. 1 at 11). He filed the Complaint, at the earliest, on September 30, 2024.[2] Accordingly, his Fourth Amendment claims are subject to dismissal under the applicable one-year limitations period.

### B. Fifth, Eighth, and Fourteenth Amendments

Plaintiff asserts that Defendants' actions constitute a "grossly disproportionate forfeiture" in violation of the Eighth Amendment. (Doc. No. 1 at 15). However, Plaintiff does not allege facts from which the Court may reasonably infer that his bank accounts were forfeited. On the contrary, the Complaint describes Defendants' actions as an "attempted forfeiture." (*Id*.); (*see* Doc. No. 5 at 5) (Plaintiff asserting that the funds were returned after 10 months). Accordingly, Plaintiff has failed to state an Eighth Amendment claim upon which relief may be granted.

Plaintiff also asserts that the Defendants' actions constitute a deprivation of property in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments. (Doc. No. 1 at 21). "Plaintiffs bringing a due process claim must assert that either (1) they were deprived of property as the result of an established state procedure that violates due process, or (2) the defendants deprived them of property pursuant to a random and unauthorized act and that available state remedies would not adequately compensate for the loss." *Streater v. Cox*, 336 Fed. Appx. 470, 477

---

[2] Plaintiff wrote "September 31st 2024" for the signature date on his Complaint and his IFP Application. (Doc. No. 1 at 8); (Doc. No. 2 at 2). September has only 30 days. Construing Plaintiff's filings in the light most favorable to him, the Court assumes for purposes of this Order that the Complaint and IFP Application were signed on September 30, 2024.

3

(6th Cir. 2009). Here, Plaintiff alleges that his funds were seized pursuant to a judicial warrant (Doc. No. 1 at 26) and that he had access to post-deprivation proceedings in state court (*id.* at 24). He has therefore failed to allege facts from which the Court may infer a due process violation. *Streater*, 336 Fed. Appx. at 477.

## IV. CONCLUSION

The Court has reviewed the Complaint pursuant to 28 U.S.C. § 1915A. Because Plaintiff has failed to state a claim upon which relief may be granted, the Complaint is **DISMISSED**.

This Order denies all relief in this action. Final judgment **SHALL** issue in accordance with Rule 58(b)(1)(C) of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

_____

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4